# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTWAN BOGAN,

    Plaintiff,

v.                                                                    Case No. 19-C-372

JOHN BARRETT,
JOHN CHISHOLM,
MICHAEL SCHINDHELM,
VIRGINIA STULLER, and
JUSTICE POINT,

    Defendants.

## SCREENING ORDER

Plaintiff Antwan Bogan, who is representing himself, filed a complaint alleging that the defendants violated his constitutional rights and seeking his immediate release from custody, criminal investigation of the defendants and most of the Milwaukee County system of justice, and $500,000 from each defendant. This decision resolves Plaintiff's motion for leave to proceed without prepayment of the filing fee and screens his complaint.

This case was previously assigned to Magistrate Judge William Duffin. However, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was reassigned to a District Judge for entry of this order dismissing the case.

**A. Motion for Leave to Proceed Without Prepayment of the Filing Fee**

The Prison Litigation Reform Act applies to this case because Plaintiff was incarcerated when he filed his complaint. 28 U.S.C. § 1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his case without prepaying the civil case filing fee, as long as

he meets certain conditions.  One of those conditions is that Plaintiff pay an initial partial filing fee.  § 1915(b).  Once Plaintiff pays the initial partial filing fee, the court may allow him to pay the balance of the $350 filing fee over time, through deductions from his prisoner account.  *Id.*

On March 25, 2019, Judge Duffin ordered that Plaintiff would not be required to pay an initial partial filing fee.  Dkt. No. 6.  The court ordered Plaintiff to notify the court by April 15, 2019, if he wanted to voluntarily dismiss this case.  *Id.*  Plaintiff has not voluntarily dismissed the case.  Therefore, the court will grant his motion for leave to proceed without prepayment of the filing fee.  He must pay the filing fee over time in the manner explained at the end of this order.

**B. Screening Plaintiff's Complaint**

**1. Federal Screening Standard**

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint if Plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting

under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**2. Plaintiff's Allegations**

Plaintiff alleges that on March 1, 2015, Milwaukee Police Department officers arrested him without a warrant. Dkt. No. 1 at 2. Four days later, Plaintiff appeared in court with his attorney before Commissioner J.C. Moore. *Id.* Plaintiff noticed critical due process omissions in the original CR-215 probable cause complaint form. *Id.* at 2–3. He states that the form should have been endorsed by a neutral and impartial judge or commissioner on March 3, 2015, and filed with the Clerk of Court, defendant John Barrett. *Id.* at 3. The CR-215 complaint "lacked any endorsement or jurisdiction by way of official time stamp, or affixed criminal case number upon its face," which made it deficient and left the court without personal jurisdiction over Plaintiff. *Id.*

Despite these deficiencies, the court authorized the filing of the unlawful criminal complaint and defendant John Barrett provided a criminal case number. *Id.* at 3–4. Plaintiff noticed a handwritten criminal case number on the complaint "and again initiating a criminal procedure for a criminal trial without due process and these omissions went from simple, harmless mistakes to a city and possibly a statewide conspiracy 101 to intentionally, with reckless disregard for the state or U.S. constitutional law deprive 'mainly' poverty stricken, unsuspecting, or poor uneducated blacks, native, Hispanics, and some poor whites of due process of law in the name of money." *Id.* at 4.

Plaintiff attempted to convince his appointed attorney to view both initiating documents and acknowledge the unlawful jurisdiction. *Id.* at 5. On March 26, 2015, his appointed attorney declined and said Plaintiff's argument had little or no merit, and that "it's the norm here in Milwaukee County and I should resolve the legal matter peacefully and quietly by compromising with the offer of a soft plea." *Id.* At this time, Plaintiff knew that the justice system and its participants were all potentially enemies "and this was a business of forced human servitude without due process of law and for profit and I was to keep my big mouth shut about what I had stumbled upon, compromise or expose myself to danger, The Conspiracy deepens to level (102)." *Id.* At this time, Plaintiff "plotted to terminate" his attorney's representation of him in Case No. 2015-CF-000984. *Id.*

On April 14, 2015, Plaintiff had his preliminary hearing before Commissioner Barry Phillips. *Id.* at 6. The court found probable cause and bound Plaintiff over for trial. *Id.* Plaintiff tried to convince his attorney to ask the commissioner about his finding of probable cause on a criminal complaint "to which had a hand drawn case no. on the face and a CR-215 Probable Cause complaint form to which wasn't even endorsed by a judge or commissioner finding probable cause within 48 hrs. of a warrantless arrest[.]" *Id.* at 6–7. Plaintiff told his lawyer that the preliminary hearing was "null, void and un-supported by a finding of probable cause[.]" *Id.* at 7.

Plaintiff filed several motions with the court raising these issues. *Id.* at 7–8. On June 24, 2015, he filed a motion to remove his attorney (Mr. Wasielewski) who had become an agent for the State because he denied the truth about the CR-215 probable cause complaint form and the denial of due process. *Id.* at 8.

>After raising the issue by motion of due process, and abuse of process violations thereby allowing a void criminal procedure to take place without an endorsement from a judge or commissioner on the CR-215 finding probable cause, or the omission of a time stamp from the Clerk of Court authenticating the CR-215 Probable Cause document conferring jurisdiction upon the court, and lawfully being a part of the court official record; confronted with the truth as to what the accused had stumbled upon in Milwaukee County Court: defendant Bogan was given in open court a photocopied forgery of a CR-215 Probable Cause complaint form with a strip of file tape covering his name and the wrong date as to when Commissioner J.C. Moore allegedly found probable cause.

*Id.* at 9. The forged CR-215 form that was given to Plaintiff in court on October 21, 2015, said that the offense was committed on March 3, 2015, while the court's official record said March 5, 2015. *Id.*

On March 7, 2016, defendant Virginia Stuller was appointed as "sit in" counsel for Plaintiff. *Id.* at 11. Plaintiff explained to defendant Stuller how his rights had been violated. *Id.* at 11–12. She "seemed to be overwhelmed with my understanding of the above laws and at the same time insinuating it was best she … be the one to speak, address the issue of jurisdiction to which at that time was affecting my mental views of the so called: American, Wisconsin Justice System." *Id.* at 12.

Plaintiff advised defendant Stuller that she had a duty to report to the appropriate authority "the above abuse of process and forced servitude of persons accused of crimes." *Id.* at 17. He also advised "her ongoing participation in the void criminal procedure on Jan. 18, 2018 to which the accused Antwan Bogan was found guilty in a proceeding un-supported by a finding of probable cause, and or denied his Six (6th) Amendment due process right to confront the accuser." *Id.* At Plaintiff's April 6, 2018 sentencing, he "made record to the very end that the whole criminal

proceeding was void and had no merit than, and [sic] could not be rectified and would remain void."

*Id.*

For relief, Plaintiff wants to be pardoned by State Government and set free without conditions. *Id.* at 19. He also requests:

> Immediate fed. investigation into conspiracy and prosecution of those responsible, media coverage to tell victims' side of events. Immediate investigation into Clerk of Courts: John Barrett's files and Chief Prosecutor's: John Chisholm, files. All Judges investigated for corruption except the Honorable: Pedro Colon, all public defenders and lawyers and prosecutors arrested on the spot for conspiracy. Justice Point closed down, WDOC under fed. investigation and office of probation and parole, Community Corrections. Half of million from each defendant in damages $500,000.00 for pain, suffering, malicious prosecution, kidnapping, lost wages, defamation, torture, family breakdown, mental, emotional, spiritual rage, judicial, prosecutorial abuse, lawlessness.

*Id.*

**3. The Court's Analysis**

To the extent Plaintiff is seeking immediate release from custody, his sole federal remedy is an application for a writ of habeas corpus under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973) (holding that when a state prisoner, though asserting jurisdiction under the Civil Rights Act, is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from such imprisonment, his sole federal remedy is a writ of habeas corpus, to which the exhaustion requirement is applicable). Nor are damages available for injuries allegedly flowing from unlawful incarceration due to the conviction if a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction or sentence. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

Damages are not available in this case in any event, since, as the following discussion shows, all of the named defendants are immune from civil liability for the conduct alleged.

Regarding John Chisholm, Milwaukee County District Attorney, and Michael Schindhelm, Assistant District Attorney for Milwaukee County, "[p]rosecutors are absolutely immune from liability for damages under § 1983 for conduct that is functionally prosecutorial; this immunity is understood to broadly cover all conduct associated with the judicial phase of the criminal process." *Bianchi v. McQueen*, 818 F.3d 309, 316 (7th Cir. 2016) (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 341–43 (2009); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976)). "[A]bsolute immunity shields prosecutors even if they act 'maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence.'" *Williams v. City of Chicago*, 315 F. Supp. 3d 1060, 1076 (N.D. Ill. 2018) (quoting *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986)).

John Barrett, Clerk of Circuit Court for Milwaukee County is immune as "clerks of court, trustees, and government attorneys are immune when performing functions intimately entwined with the judicial process." *Miller v. Asbach*, No. 05C0828, 2006 WL 2527630, at *2 (E.D. Wis. Aug. 30, 2006) (collecting cases); *see Will v. Michigan Dep't. of State Police*, 491 U.S. 58 (1989) (holding that state officials acting in their official capacities are not "persons" under § 1983). Virginia Stuller, Plaintiff's public defender, is not suable under 42 U.S.C. § 1983 as "it is well-settled that a public defender does not act under color of state law for the purpose of § 1983 when providing representation to an indigent client." *Carter v. Bennett*, 395 F. Supp. 2d 745, 747 (W.D. Wis. 2005) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 317 (1981); *Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir.1995)).

Turning finally to Justice Point, it is unclear from Plaintiff's complaint what its involvement is in this process. Regardless, Justice Point is not a "person" as defined in § 1983 and thus is not subject to liability under the statute. Consequently, Plaintiff's claims fail as all of the defendants are either immune from monetary relief or not subject to liability under § 1983. To the extent Plaintiff seeks release from prison, he must pursue such relief in a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Hill v. McDonough*, 547 U.S. 573, 579 (2006).

## CONCLUSION

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with the plaintiff's remaining balance to the receiving institution

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the Milwaukee County Sheriff, to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53202, and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Green Bay, Wisconsin this  15th  day of May, 2019.

                                       s/ William C. Griesbach
                                       William C. Griesbach, Chief Judge
                                       United States District Court

This order and the judgment to follow are final. The plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If the plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If the plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.